UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL DUANE SMITH,

              Plaintiff,                          Case No.  05-70467

v.                                                District Judge Arthur J. Tarnow
                                                  Magistrate Judge R. Steven Whalen

CITY OF MOUNT CLEMENS,
a Municipal Corporation, MT. CLEMENS
POLICE DEPARTMENT, et al, OFFICER
STEVEN ANDREWS in his individual
and official capacity,

              Defendants.
_____/


**REPORT AND RECOMMENDATION**

        Plaintiff has filed a pro se Complaint pursuant to 42 U.S.C. §§1983, 1985 and 1990,

and naming as Defendants the City of Mt. Clemens, Michigan, and the Mt. Clemens Police

Department.  Before the Court is Defendant Mt. Clemens Police Department's Motion to

Dismiss under Fed.R.Civ.P. 12(b)(6) [Docket #22], which has been referred for Report and

Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  I recommend that Defendant's

Motion be GRANTED IN PART, and the Complaint DISMISSED against Defendant Police

Department, but that the Complaint be construed and amended to name the City of Mt.

Clemens as the proper Defendant.

## I.    PROCEDURAL HISTORY

Plaintiff's original Complaint named as Defendants the City of Mount Clemens, the

Mount Clemens Police Department, and Police Officer Steven Andrews.  On April 5, 2005,

the Court dismissed Defendant City for failure to state a claim upon which relief could be

granted. (See Docket #5).  This order also dismissed the claims under 42 U.S.C. §1985.

On May 9, 2005, the Court reinstated the Plaintiff's §1985 claim against Defendants

Police Department and Officer Andrews (Docket #10).

Defendant Police Department now brings a motion to dismiss, claiming that it is not

the real party in interest.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the

pleading to state  a claim upon which relief can be granted."  Rule 12(b) also provides that

if, on consideration of a motion under paragraph (6), "matters outside the pleading are

presented to and not excluded by the court, the motion shall be treated as one for summary

judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule

12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether,

as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416,

419 (6th Cir. 2001).  "[A] complaint should not be dismissed for failure to state a claim unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764,

811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46,

78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III.   ANALYSIS

Defendant correctly states that a municipal police department, which is simply an agency of the municipality, is not the proper party in interest in a tort action; rather, the municipality itself is the proper party. *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992, fn. 1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"); *Moomey v. City of Holland,* 490 F.Supp. 188, 189 (W.D. Mich.  1980) (holding that a police department "is merely a creature of the City, the real party in interest").

Thus, the Plaintiff has incorrectly named the Mount Clemens Police Department as a Defendant.  However, as a *pro se* party, Plaintiff's pleadings must be given a liberal construction.  *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  In addition, the "real party in interest" issue was not before the Court when the City of Mount Clemens was dismissed on April 5, 2005.  While the Complaint did not literally state a cause of action against the City, it *did* state a cause of action against the Police Department, a "creature of the City."

Therefore, it would serve the interests of justice to at this time revisit the dismissal of the City of Mount Clemens, and, giving this *pro se* Complaint the liberal construction to

which it is entitled, dismiss the Police Department as a Defendant, but substitute the City of Mount Clemens as a Defendant.

## IV.   CONCLUSION

Accordingly, I recommend that the Mount Clemens Police Department be DISMISSED, but that the Complaint be construed (and the case caption amended) to substitute the City of Mount Clemens as the Defendant.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  January 11, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 11, 2006.

S/Gina Wilson
Judicial Assistant